UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-CR-10016 |
| | ) | |
| BRETT A. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

# O R D E R

Before the Court is Defendant's Motion Requesting District Court to Reopen the Time to File an Appeal Pursuant to Rules of Appellate Procedure 4(a)(6)(A) [Doc. #81]. For the reasons that follow, Defendant has until February 7, 2006, in which to advise the Court whether he wishes to withdraw the instant Motion or whether he wishes to have the Court construe the Motion as a motion brought pursuant to 28 U.S.C. § 2255.

## BACKGROUND

On August 28, 2005, Defendant entered into a plea agreement with the government in which he pled guilty to conspiracy to distribute crack cocaine in violation of Title 21 U.S.C. §§ 846 and 841(a)(1). As a result of his guilty plea, on September 2, 2005, this Court sentenced Defendant to a term of 120 months of imprisonment. Defendant did not file a timely notice of appeal, and, now argues that he in fact instructed his counsel to file such a notice, but his counsel failed to do so.

**ANALYSIS**

Defendant filed the instant Motion, requesting this Court to reopen the time in which he has to file an appeal pursuant to Federal Rules of Appellant Procedure 4(a)(6)(A). However, Rule 4(a)(6)(A) applies only to appeals in civil cases, not criminal matters such as this. See Fed. R. App. P. 4(a)(6)(A). Therefore, Defendant is not entitled to the relief he requests. This, however, does not end the Court's inquiry.

"Federal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework." United States v. Stossel, 348 F.3d 1320, 1321 n2 (11th Cir. 2003) (per curiam) (emphasis in original); see also Castro v. United States, 540 U.S. 375, 381-83 (2003). Although Defendant seeks relief under Rule 4(a)(6)(A), his Motion could also be construed as a motion for extension of time under Fed. R. App. P. 4(b)(4). Rule 4(b)(4) is applicable to appeals taken in criminal cases and reads as follows:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed R. App. P. 4(b)(4). Under Rule 4(b), a defendant's notice of appeal in a criminal case must be filed in the district court

2

within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal. Fed R. App. P. 4(b)(1)(A).

Here, the government has not filed a notice of appeal; thus, the Court could only extend Defendant's time to file a notice of appeal for a period not to exceed 30 days from September 16, 2005 -- the date in which the judgment of conviction and sentencing was entered in this case. See [Doc. 61]. As a result, even if this Court were to construe the instant Motion as a motion under Rule 4(b)(4), it would be deemed untimely as of October 17, 2005.[1]

Because Rules 4(a)(6)(A) and 4(b)(4) are inapplicable, Defendant is essentially seeking relief which can only be obtained through a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In essence, Defendant is asking this Court to allow him to file an untimely notice of appeal because his attorney was allegedly ineffective by failing to file a timely notice of appeal upon Defendant's request. Such a claim fits directly within the ambit of § 2255. See Roe v. Flores-Ortega, 528 U.S. 470 (2000); Kafo v. United States, 2005 U.S. Dist. LEXIS 9284 (N.D. Ill. May 17, 2005).

---

[1] The Court notes that October 16, 2005, fell on a Sunday; therefore, a 30-day extension of the time to file a notice of appeal would not have expired until October 17, 2005.

Thus, in accordance with the Seventh Circuit's decisions in United States v. Evans, 224 F.3d 670 (7th Cir. 2000) and Henderson v. United States, 264 F.3d 709 (7th Cir. 2001), this Court must construe the instant Motion as a motion under § 2255. However, before placing such a label on the instant Motion, the Court must "first explain[] its action[s] to the petitioner, warn[] [him] of the consequences of such a recharacterization, and giv[e] [him] an opportunity to withdraw the [M]otion." Nolan v. United States, 358 F.3d 480, 482 (7th Cir. 2004)(citing Castro v. United States, 124 S. Ct. 786 (2003)); see also Evans, 224 F.3d at 675 (explaining that "[w]hen a prisoner who has yet to file a motion under § 2255 . . . presents issues substantively within § 2255 para.1, the district judge should alert the movant that this can preclude any later collateral proceedings and ask whether the prisoner wishes to withdraw the claim (or add any other arguments for collateral relief).").

Defendant, therefore, will be given until February 2, 2006, to advise the Court whether he wishes to withdraw the instant Motion or whether he wishes to have the Court construe the Motion as a motion brought pursuant to 28 U.S.C. § 2255. If Defendant withdraws the Motion by the above mentioned deadline, he will still have an opportunity to file a properly labeled § 2255 motion to vacate, set aside, or correct sentence without having to seek advance permission of the court of appeals. See

28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals").

Defendant, however, must be mindful that motions under § 2255 have a one-year statute of limitations which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Here, Defendant's judgment of conviction and sentencing became final on September 26, 2005 -- the day the ten-day period for filing a direct appeal under Fed. R. App. P. 4(b)(1)(A)(i) expired.  See Mendez v. United States, 2005 U.S. Dist. LEXIS 7928, at *6 (N.D. Ind. April 29, 2005).  Therefore, if Defendant withdraws the instant Motion, he will nevertheless have until September 26, 2006, to file a proper motion under § 2255; that is, if he wishes to do so.

If, on the other hand, Defendant chooses not to withdraw the instant Motion, the Court will construe it as a § 2255 motion and rule on the matter accordingly. As previously explained, in this situation the Defendant will not have another opportunity to file a § 2255 motion without advance permission from the court of appeals. <u>See</u> 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals").

Furthermore, Defendant should be aware that Rule 2(b) governing § 2255 proceedings provides that the motion must "specify *all* the grounds for relief available to the moving party" and "state the *facts* supporting each ground[.]" Likewise, the model form available to aid prisoners in filing their § 2255 motions instructs in boldface:

> **<u>CAUTION</u>: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody, App. Forms (emphasis in original).

The primary purpose of Rule 2(b)'s demand that § 2255 motions be pled with particularity is to assist the district court in determining whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]"

6

Rule 4(b) Governing Sec. 2255 Proceedings; see also Mayle v. Felix, 125 S. Ct. 2562, 2570 (2005) (discussing the similar rules governing § 2254 habeas corpus petitions). If so, "the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) Governing Sec. 2255 Proceedings.

Therefore, if Defendant believes he has any additional grounds to assert or specific facts to support these grounds, he should withdraw the instant Motion and file an appropriate motion under § 2255. See United States v. Daniels, 2005 U.S. Dist. LEXIS 2568, at *2 (W.D. Wis. February 16, 2005), *motion withdrawn by* 2005 U.S. Dist. LEXIS 3345 (W.D. Wis. Mar 2, 2005).

**IT IS THEREFORE ORDERED** that Defendant has until February 7, 2006, in which to advise the Court whether he wishes to withdraw his motion entitled, "Motion Requesting District Court to Reopen the Time to File an Appeal Pursuant to Rules of Appellate Procedure 4(a)(6)(A)" [Doc. #81], or whether he wishes to have the Court construe the Motion as a motion brought pursuant to 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that if Defendant does not respond to this order by February 7, 2006, the Court will proceed to construe the instant Motion as one brought under § 2255 and rule on the matter accordingly.

ENTERED this   17th   day of January, 2006.

                                        /s/ Joe B. McDade  
                                        Joe Billy McDade  
                                    United States District Judge